NO. 07-08-0329-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 3, 2009

______________________________

ALLEN LEE BELL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 106TH DISTRICT COURT OF GARZA COUNTY;

NO. 04-2216; HON. CARTER T. SCHILDKNECHT, PRESIDING

_______________________________

Before CAMPBELL, HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Allen Lee Bell, entered a plea of guilty to the offense of sexual assault and
the trial court deferred adjudication for a period of 10 years and placed appellant on
community supervision. Subsequently, the State filed an application to adjudicate
appellant’s guilt alleging he had violated the terms and conditions of community
supervision. After hearing the evidence, the trial court adjudicated appellant guilty and
sentenced him to confinement in the Institutional Division of the Texas Department of
Criminal Justice for a period of 10 years. Appellant appeals the trial court’s judgment. We
affirm.
          Appellant’s attorney has filed an Anders brief and a motion to withdraw. See 
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 498 (1967). In support of his
motion to withdraw, counsel certifies that he has diligently reviewed the record and, in his
opinion, the record reflects no reversible error upon which an appeal can be predicated. 
Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978), counsel has candidly discussed why, under the controlling authorities, there is no
error in the trial court’s judgment. Additionally, counsel has certified that he has provided
appellant a copy of the Anders brief and motion to withdraw and appropriately advised
appellant of his right to file a pro se response in this matter. Stafford v. State, 813 S.W.2d
503, 510 (Tex.Crim.App. 1991). The court has also advised appellant of his right to file a
pro se response. Appellant has not filed a response.
          By his Anders brief, counsel raises grounds that could possibly support an appeal,
but concludes the appeal is frivolous. We have reviewed these grounds and made an
independent review of the entire record to determine whether there are any arguable
grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We
have found no such arguable grounds and agree with counsel that the appeal is frivolous.
          Accordingly, counsel’s motion to withdraw is hereby granted and the trial court’s
judgment is affirmed.
Mackey K. Hancock

                                                                                    Justice

Do not publish. 

nted out other filings in
Conely v. Preston in the 52nd District Court of Coryell County, Conely v. Cauthon in the
Federal District Court for the Eastern District of Texas, as well as Conely v. Johnson et al.
and Conely v. Tedford in the Federal District Court for the Western District of Texas. 
Moreover, in the suits that appellant does list, he fails to give the cause numbers and the
dates of the suits. Additionally, he fails to give sufficient operative facts of the suits. The
statute neither provides that an inability to remember excuses the required listing of
previous suits nor does it excuse the proper statement of the operative facts of each case. 
Because of appellant's failure to comply with the mandatory requirements of Chapter 14,
the trial court acted well within its discretion in dismissing the suit.

 Our determination that the trial court did not err in refusing to appoint trial counsel
and acted within its authority in dismissing the suit obviates the necessity for discussing
whether appellant failed to exhaust his administrative remedies before filing the suit.

 Accordingly, the judgment of the trial court must be, and is hereby, affirmed.

 

 John T. Boyd

 Senior Justice

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. 75.002(a)(1) (Vernon 2005).